**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LILIAN AIDOO, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE LLC,<br><br>  Defendant. | Civil Action No.: 08-CV-6217 (LTS)(DFE) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

THOMAS R. DOMINCZYK (TD-7835)
**MAURICE & NEEDLEMAN, P.C.**
Attorneys for Defendant,
Asset Acceptance, LLC
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ  08822
(908) 237-4550
(908) 237-4551 fax
trd@mnlawpc.com

**TABLE OF CONTENTS**

Table of Authorities ……………………………………………………………………… 3

Introduction ……………………………………………………………………………… 5

Statement of Facts ………………………………………………………………………... 5

Legal Argument ………………………………………………………………………….. 6

    I.        Standard of Review ……………………………………………………… 6

    II.       The Initial Letter Does not Violate the FDCPA ………………………… 7

            A.    The Least Sophisticated Consumer is Presumed to have a Basic Level of Understanding and as a Matter of Law the FDCPA is not Violated by Interpretations Unique to the Plaintiff ………………. 7

            B.    Aidoo Fails to State a Claim for Violation of 15 U.S.C. 1692g(a)(4) Because The Initial Letter Closely Tracks the Language of the FDCPA …………………………………………... 8

            C.    Aidoo Does Not State A Claim Under §1692e(12) Because That Section Does Not Prohibit A Representation That A Debt Collector Acquired An Account "For Value;" And Because Asset Did Not Represent Itself To Be An "Innocent Purchaser" Or A "Holder In Due Course." ………………………………….. 10

    III.      The Verification does not Violate the FDCPA ……………………….. 12

            A.    The Least Sophisticated Consumer is Presumed to have a Basic Level of Understanding and as a Matter of Law the FDCPA is not Violated by Interpretations Unique to the Plaintiff ………………. 12

            B.    The Verification Complies with 15 U.S.C. 1692g …………………… 13

            C.    The Verification Complies with 15 U.S.C. 1692e(12) ……………….  15

Conclusion ……………………………………………………………………………… 16

## **TABLE OF AUTHORITIES**

Fed. R. Civ. Proc. 12(b)(6) ………………………………………………………… 6, 16

15 U.S.C. 1692a …………………………………………………………………… 7, 12

15 U.S.C. 1692e ……………………………………………………………… 7, 10, 12, 15

15 U.S.C. 1692e(12) ……………………………………………………… 10, 11, 12, 13, 15, 16

15 U.S.C. 1692g(a) ……………………………………………………………… 7, 8, 9, 10, 13

15 U.S.C. 1692g(a)(2) ……………………………………………………………………… 9, 10

15 U.S.C. 1692g(a)(4) ……………………………………………………………… 8, 9, 10, 13

15 U.S.C. 1692g(b) ……………………………………………………………… 12, 13, 14, 15

Bascom v. Dubin, 2007 U.S. Dist. LEXIS 5351 (W.D.N.Y. January 25, 2007) ………….. 14

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) ………………………………… 6

Chaudhry v. Gallerizzo, 174 F.3d 394 (4th Cir. 1999) ………………………………….. 14

Clark v. Capital Credit & Collection Services Inc., 460 F.3d 1162 (9th Cir.2006) …… 8, 13, 14

Cleveland v. Caplaw Enter., 448 F.3d 518 (2d Cir. 2006) ………………………………… 7

Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993) ……………………………… 7, 8, 12, 13

Conley v. Gibson, 355 U.S. 41 (1957) ……………………………………………………. 6

DeSantis v. Computer Credit, Inc., 269 F.3d 159 (2d Cir. N.Y. 2001) ……………………….. 8, 9

Greco v. Trauner, Cohen & Thomas, L.L.P. 412 F.3d 360 (2d Cir.2005) …………………. 8

Hartman v. Asset Accceptance Corp., 467 F. Supp. 2d 769 (S.D. Ohio 2004) …………….. 10

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) …………………………………………….. 6

Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197 (9th Cir. 1999) ……………. 14

Meselsohn v. Lerman, 485 F. Supp. 2d 215 (E.D.N.Y. 2007) ……………………………… 8

Miller v. Javitch, Block & Rathbone, 534 F. Supp. 772 (S.D. Ohio 2008) ………………… 10

Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292 (2d Cir. 2003) ……………………….. 8

Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005) …………………….. 7

Stonehart v. Rosenthal, 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. August 13, 2001) …….. 14

United States v. National Fin. Servs., 98 F.3d 131 (4th Cir. 1996) ……………………….. 8, 13

Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir. 2000) ………………………….. 7, 8, 12, 13

## INTRODUCTION

Plaintiff, Lilian Aidoo (hereinafter referred to as "Aidoo") brings this putative class action alleging that Defendant, Asset Acceptance, LLC (hereinafter referred to as "Asset") violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter the "FDCPA") by attempting to collect a debt without evidencing that Asset was the current creditor and by falsely representing that Asset was a purchaser for value. The Complaint alleges that a collection letter sent by Asset to Aidoo violated 15 U.S.C. 1692g(a)(4) because it did not evidence that Asset was the current creditor. The Complaint further alleges that the letter violated 15 U.S.C. 1692e(12) because it falsely represented that Asset was a purchaser for value. Aidoo's Complaint fails to state a claim under either section of the FDCPA as even a most liberal reading by the most unsophisticated consumer could not lead to the interpretation proposed by Aidoo's Complaint. Therefore, the Complaint must be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

## STATEMENT OF FACTS

On or about May 6, 2008, Asset sent Aidoo a collection letter (hereinafter referred to as the "Initial letter"), demanding payment of a debt owned by Asset that had been purchased from Newport News/World Financial Network National Bank. See Plaintiff's Complaint ¶ 15. A copy of the Initial letter is attached to Aidoo's Complaint as Exhibit "A". On or about May 21, 2008, Aidoo sent Asset a letter disputing the debt and demanding verification (hereinafter referred to as the "Dispute Letter"). Complaint ¶ 17. A copy of the Dispute Letter is attached to Aidoo's Complaint as Exhibit "B". On or about June 3, 2008, Asset responded to Aidoo's Dispute Letter by providing verification of the debt (hereinafter referred to as the "Verification"). ¶ 18. A copy of the Verification is attached to Aidoo's Complaint as Exhibit "C".

**LEGAL ARGUMENT**

I.  **STANDARD OF REVIEW**

The standard for a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) is set forth in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007), wherein the Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). In Twombly, the Supreme Court disavowed the half-century old standard set forth in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957), (overruled, in part, by Twombly, 127 S. Ct. 1955 (2007)).

Holding that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1969. The Supreme Court explained that the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. To be clear, Twombly does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

The Second Circuit has interpreted Twombly to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In applying this new standard, the district court must still accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the

plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005).

## II.  THE INITIAL LETTER DOES NOT VIOLATE THE FDCPA

### A.  **The Least Sophisticated Consumer is Presumed to have a Basic Level of Understanding and as a Matter of Law the FDCPA is not Violated by Interpretations Unique to the Plaintiff**.

Congress enacted The FDCPA "to eliminate abusive debt collection practices." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000), quoting 15 U.S.C. 1692a and 1692e. Relevant to this dispute, the FDCPA requires a debt collector to provide the consumer with certain information within five days of its initial communication with the consumer; specifically:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692g(a).

Whether communications between a debt collector and a debtor run afoul of the FDCPA are analyzed from the perspective of the "least sophisticated debtor." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). This standard requires the court "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Id. The standard is employed to "ensure that even the least sophisticated debtor is able to understand, make

informed decisions about, and participate fully and meaningfully in the debt collection process." Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1171 (9th Cir. 2006). However, although the analysis under this standard is designed to protect consumers it also guards against "bizarre or idiosyncratic interpretations . . . and preserves a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citing United States v. National Fin. Servs., 98 F.3d 131, 136 (4th Cir. 1996) (quoting Clomon v. Jackson, 988 F.2d at 1319)).

### B. Aidoo Fails to State a Claim for Violation of 15 U.S.C. 1692g(a)(4) Because The Initial Letter Closely Tracks the Language of the FDCPA.

"15 U.S.C. § 1692g requires debt collectors to include a 'validation notice' either in the initial communication with a consumer in connection with the collection of a debt or within five days of that initial communication, which must inform the consumer that he or she has certain rights, including the rights to make a written request for verification of the debt and to dispute the validity of debt." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 309 (2d Cir. 2003). A validation notice that tracks the language of §1692g(a) is "presumed" to satisfy the requirements of §1692g(a). Greco v. Trauner, Cohen & Thomas, L.L.P. 412 F.3d 360, 365-66 (2d Cir.2005); Meselsohn v. Lerman, 485 F. Supp. 2d 215, 219 (E.D.N.Y. 2007). However, even if the debt collector's validation notice tracks the statutory language, it may still violate the Act "if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. N.Y. 2001).

Here, Asset's Initial Letter contains a validation notice which closely tracks the language of §1692g(a)(4) and is "presumed" to satisfy the Act's requirements. Among the notices required by §1692g(a), the consumer must be advised that within 30 days after receipt of the notice,

> . . . if the consumer notifies the debt collector, in writing, within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

15 U.S.C. 1692g(a)(4).

Asset's Initial Letter stated:

> If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

See Complaint, Exhibit "A".

Aidoo does not allege that the Initial Letter conveys the §1692g(a)(4) notice in manner which is confusing or contradictory so as to "cloud" the required notice with uncertainty. DeSantis v. Computer Credit, Inc., 269 F.3d at 161. Likewise, Aidoo does not allege the Initial Letter does not track the language of the §1692g(a). Rather, Aidoo alleges the Initial Letter violates 15 U.S.C. 1692g(a)(4) because it "attempt[s] to collect a debt without evidencing that Asset Acceptance is the current creditor." Complaint, paragraph 20. Nothing in 15 U.S.C. 1692g(a)(4) requires a debt collector to provide evidence that it "is the current creditor." Rather, 1692g(a)(2) requires the debt collector, as part of the validation notice, to provide a notice containing "the name of the creditor to whom the debt is owed." 15 U.S.C. 1692g(a)(2). No other section of §1692g(a) requires any further disclosure concerning the creditor. Aidoo does not allege a violation §1692g(a)(2) or that Asset's Initial Letter failed to state "the name of the creditor to whom the debt is owed."

Asset's letter closely tracked the language of §1692g(a)(4), is not alleged to contain language which confused or contradicted a required notice, and disclosed "the name of the

9

creditor to whom the debt is owed" pursuant to 15 U.S.C. 1692g(a)(2). Therefore, Aidoo's allegation that Asset violated 1692g "by attempting to collect a debt without evidencing that Asset is the current creditor" does not state a claim and should be dismissed.

> **C. Aidoo Does Not State A Claim Under §1692e(12) Because That Section Does Not Prohibit A Representation That A Debt Collector Acquired An Account "For Value;" And Because Asset Did Not Represent Itself To Be An "Innocent Purchaser" Or A "Holder In Due Course."**

15 U.S.C. 1692e prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt. Specifically, 15 U.S.C. 1692e(12) prohibits "the false representation or implication that accounts have been turned over to <u>innocent purchasers for value</u>." (emphasis added). Research has yielded very few cases dealing with this specific section of the FDCPA. However, they all interpret 15 U.S.C. 1692e(12) as prohibiting a creditor from representing that it is a holder in due course.

Paragraph 22 of Aidoo's Complaint alleges Asset violated §1692e(12) because falsely represented it "is a purchaser for value." However, that section only prohibits a statement by the debt collector "that accounts have been turned over to <u>innocent purchasers for value</u>." 15 U.S.C. 1692e(12) (emphasis added). On its face, paragraph 22 does not state a claim because it does not assert Asset represented it was an "innocent purchaser" for value.

The distinction between "a purchaser for value" and an "innocent purchaser for value" is significant. In <u>Miller v. Javitch, Block & Rathbone</u>, 534 F. Supp. 2d 772, 776 (S.D. Ohio 2008) the court found that the statement that the creditor "acquired, <u>for valuable consideration</u>, all right, title and interest in and to [the debt]," even though the creditor purchased the debt for "a far cry from the amount owed" did not, in and of itself, violate 15 U.S.C. 1692e(12). <u>Id</u> (emphasis added). In reaching this holding, the <u>Miller</u> court looked to an earlier decision, <u>Hartman v. Asset Acceptance Corp.</u>, 467 F. Supp. 2d 769 (S.D. Ohio 2004), where the creditor specifically stated

that it was a "holder in due course."  In finding that the statement violated 15 U.S.C. 1692e(12), the Hartman court reasoned that the statute "obviously echoes the holder in due course doctrine, and a false representation that a debt collector is a 'holder in due course' fits within this subsection.  Id. at 779.

Like the statement in Miller, Asset did not represent it was a holder in due course or an "innocent purchaser." As Miller recognized, a debt collector may represent it acquired all right, title and interest in an account (even if it were for less than the amount owed) without violating §1692e(12), because such representations do not connote the debt collector is either an "innocent purchaser" or a "holder in due course."

None of the exhibits attached to Plaintiff's complaint state or imply that Asset is either an innocent purchaser for value or a holder in due course. The Initial Letter does not state or imply that Asset is an innocent purchaser for value or a holder in due course or even state or imply that Asset purchased the account "for value."  Rather, all that the Initial Letter states is "[i]t is our pleasure to welcome you as a new customer of Asset Acceptance, LLC.  Your account with the above mentioned creditor [Newport News/World Financial Network Bank] has been purchased and is now owned by Asset Acceptance LLC.  In order to insure proper credit for any payments it is necessary that all future payments and inquiries be made to: Asset Acceptance LLC…" See Complaint, Exhibit "A" (emphasis added).

Aidoo's interpretation of §1692e(12) is inconsistent with the clear language of the statute; namely, its prohibition against the false representation or implication that an account has been "turned over to *innocent purchasers* for value." As the Miller court recognized, a party can be a purchaser for value without being an *innocent purchaser* for value. However, the

11

representation that a debt collector had purchased an account "for value" does not state a claim under §1692e(12). The court here should likewise dismiss the claim.

## III. THE VERIFICATION DOES NOT VIOLATE THE FDCPA

### A. The Least Sophisticated Consumer is Presumed to have a Basic Level of Understanding and as a Matter of Law the FDCPA is not Violated by Interpretations Unique to the Plaintiff.

Congress enacted The FDCPA "to eliminate abusive debt collection Practices." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000), quoting 15 U.S.C. 1692a and 1692e. Relevant to this dispute the FDCPA requires the debt collector to respond to consumer's disputes as follows:

> If the consumer notified the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

15 U.S.C. 1692g(b).

Whether communications between a debt collector and a debtor run afoul of the FDCPA are analyzed from the perspective of the "least sophisticated debtor." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).  This standard requires the court "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Id.  The standard is employed to "ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process."

Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1171 (9th Cir. 2006). However, although the analysis under this standard is designed to protect consumers, it also guards against "bizarre or idiosyncratic interpretations . . . and preserves a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citing United States v. National Fin. Servs., 98 F.3d 131, 136 (4th Cir. 1996) (quoting Clomon v. Jackson, 988 F.2d at 1319)).

It is not at all clear from Aidoo's Complaint whether he is pleading a violation of §1692g(b). The Complaint makes broad allegations such as "Defendant's debt collection letter violated various provisions of the FDCPA," but only specifically alleges violations of §1692g(a)(4) and §1692e(12). Complaint, paragraphs 21, 22. However, Aidoo alleges in paragraph 18 of her Complaint that Asset failed to provide "material information" and "evidence" that "Asset . . . was the creditor," in Asset's letter entitled "DEBT VALIDATION" attached to the Complaint as Exhibit "C" (hereinafter the "Verification"). In the event this is construed as an allegation alleging a violation of §1692g(b), Asset will show that, like all the other allegations of the Complaint, it too fails to state a claim.

  **B.**   **The Verification Complies with 15 U.S.C. 1692g.**

To the extent that Aidoo is alleging that the Verification violates 15 U.S.C. 1692g(a), such a claim is without basis as that section only deals with the initial communication. Here, the Verification is not the initial communication, rather the Initial Letter was the initial communication and is discussed above.

Aidoo alleges that Asset "attempt[ed] to collect a debt without evidencing that Asset Acceptance is the current creditor." Complaint, paragraph 20. Nothing in 15 U.S.C. 1692g(b) requires the creditor to "prove" that it owns the debt or is the current creditor as suggested by

Aidoo. "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999). Chaudhry explained that "consistent with the legislative history, verification is only intended to 'eliminate the . . . problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.' There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." Id.

Chaudhry has been followed nationwide by district courts and courts of appeals, including the Southern and Western Districts of New York. See e.g. Stonehart v. Rosenthal, 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. August 13, 2001); Bascom v. Dubin, 2007 U.S. Dist. LEXIS 5351 (W.D.N.Y. January 25, 2007); Clark v. Capital Credit & Collection Services Inc., 460 F.3d 1162, 1173-1174 (9th Cir. 2006) ("verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.").

Courts that have not relied upon Chaudhry in determining the content of verification have likewise reached similar conclusions. Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1203 (9th Cir. 1999) (§1692g(b) only calls for the debt collector to verify the nature, status, and balance of the debt and then convey that information to the consumer).

Here, Asset's Verification goes well beyond what it is required under 15 U.S.C. 1692g(b). As the actual creditor, Asset verified the balance due and provided this information to Aidoo along with the original creditor's name and address. See Complaint, Exhibit "C". In addition, Asset provided the additional information to Aidoo to help her determine if they had "dunned the wrong person or attempted to collect debts which the consumer has already paid."

<u>See</u> Complaint, Exhibit "C".  Specifically, Asset provided her with the original creditor's account number and the last four digits of the social security number on the account.  <u>See</u> Complaint, Exhibit "C".

Aidoo's interpretation of the FDCPA would impose new requirements on debt collectors not found in the FDCPA.  Aidoo disputed the debt as is her right under 15 U.S.C. 1692g.  To the extent that Aidoo believes that Asset does not own the debt or that the amount is incorrect then she has no reason to pay the debt or the incorrect portion.  Or she may assert that defense in a state court collection case should Asset file suit against her.  However, to say that the Verification violates the FDCPA because it did not provide "proof or evidence" of Asset's ownership ignores a plain reading of 15 U.S.C. 1692g(b).

        **C.**        **The Verification Complies with 15 U.S.C. 1692e(12).**

15 U.S.C. 1692e prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt.  Specifically, 15 U.S.C. 1692e(12) prohibits "the false representation or implication that accounts have been turned over to <u>innocent purchasers for value</u>. (emphasis added).  As noted above, cases interpret 15 U.S.C. 1692e(12) as prohibiting a creditor from representing that it is a holder in due course.

The Verification does not state or imply that Asset is an innocent purchaser for value or a holder in due course.  In fact, aside from the information obtained from the original creditor, the Verification only states Asset's name and account number with no reference to whether the account was "purchased."  <u>See</u> Complaint, Exhibit "C".

Yet again, Aidoo's interpretation of the FDCPA is inconsistent with the language of the statute.  The Verification does not assert that Asset is an <u>innocent purchaser</u> or holder in due course not subject to Aidoo's defenses.  The Verification does not even mention Asset having

15

purchased the debt. Complaint, Exhibit "C". For all of the foregoing reasons the allegation that the verification states or implies that a debt collector had purchased an account "for value" does not state a claim under §1692e(12) and the court should dismiss the claim.

## **CONCLUSION**

Based upon the foregoing arguments, Asset respectfully requests that the Court dismiss Aidoo's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).


Dated: Flemington, NJ
      August 29, 2008

                                      /s/ *THOMAS R. DOMINCZYK*
                                      _____
                                      THOMAS R. DOMINCZYK (TD-7835)
                                      **MAURICE & NEEDLEMAN, P.C.**
                                      Attorneys for Defendant,
                                      Asset Acceptance, LLC
                                      5 Walter E. Foran Blvd., Suite 2007
                                      Flemington, NJ  08822
                                      (908) 237-4550
                                      (908) 237-4551 fax
                                      trd@mnlawpc.com

## **CERTIFICATION OF FILING AND SERVICE**

I certify that on August 29, 2008, the foregoing document was electronically filed via CM/ECF with the Clerk, United States District Court for the Southern District of New York. I further certify that I caused a copy of the foregoing to be served via regular mail on:

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0626

By: **/s/ Thomas R. Dominczyk**
Thomas R. Dominczyk, Esq.

Date: August 29, 2008